UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID B. ELLISTON,               :        PRISONER CASE NO.
   Petitioner,                  :        3:12-cv-145 (JCH)
                                 :
v.                               :
                                 :
MURPHY,                          :        JANUARY 7, 2013
   Respondent.                  :

RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. No.15]
AND PETITIONER'S MOTION TO AMEND [Doc. No. 23]

The petitioner, David B. Elliston, commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his amended petition, he challenges his state court conviction on the ground that the trial court improperly failed to suppress the victim's identification. The respondent argues that the amended petition must be denied because the petitioner cannot show that the state court decision was an unreasonable application of Supreme Court law. In response, the petitioner moves to amend his petition to obtain an evidentiary hearing on his claim rather then a reversal of his conviction.

I.      **Motion to Amend**

The petitioner asks the court to hold an evidentiary hearing in this case. The standard for whether a habeas petitioner may be entitled to an evidentiary hearing is statutorily prescribed by section 2254(e)(2) of title 28 of the U.S. Code. The district court cannot conduct an evidentiary hearing unless the petitioner shows that his claim relies on either a new rule of constitutional law that was previously unavailable or facts that could not have been previously discovered through the exercise of due diligence,

and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

In his Motion, the petitioner does not rely on a new rule of constitutional law or identify any facts not previously discovered. Rather, he appears to want a second hearing because he is not satisfied with the state court hearing. This dissatisfaction does not warrant an evidentiary hearing in federal court. The petitioner's Motion is therefore denied.

## II.   Amended Petition

### A.   Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir.), cert. denied, 537 U.S. 909 (2002) (citing

Gideon v. Wainwright, 372 U.S. 335, 340 (1963)).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).  Moreover, Second Circuit law that does not have a counterpart in Supreme Court jurisprudence cannot provide a basis for federal habeas relief.  See Del Valle v. Armstrong, 306 F.3d 1197, 1200 (2d Cir. 2002).

A decision is "contrary to" clearly established federal law where the state court either applies a rule different from that set forth by the Supreme Court or decides a case differently than the Supreme Court on essentially the same facts.  Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 405–06).  A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable, which is "a substantially higher threshold" than being incorrect.  Schriro v. Landrigan, 550 U.S.465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet).  The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them," will be

overturned only if the material facts were not adequately developed by the state court or if the factual determination is not adequately supported by the record. Smith v. Mann, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks and citation omitted).

In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen, 131 S. Ct. at 1398–99. Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition. Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).

B. Procedural Background

Following a jury trial in the Connecticut Superior Court for the Judicial District of Fairfield, the petitioner was convicted of assault in the first degree, attempted murder, and carrying a dangerous weapon. He was sentenced to a total effective sentence of twenty-five years. The Connecticut Appellate Court affirmed the conviction, and the Connecticut Supreme Court denied certification. See State v. Elliston, 86 Conn. App. 479, 861 A.2d 563 (2004), cert. denied, 273 Conn. 906, 868 A.2d 746 (2005).

In September 2005, the petitioner filed a petition for writ of habeas corpus in state court. The state court denied the petition in April 2010, and the Connecticut Appellate Court dismissed the appeal. See Elliston v. Comm'r of Corr., 131 Conn. App. 787, 28 A.3d 1019 (2011). The petitioner then commenced this action.

C. Factual Background

During the late evening of November 15, 2001, or the early morning of November 16, 2001, the victim saw the petitioner leave a vehicle and approach with a shotgun.

When the victim ran, the petitioner shot him in the back of the legs.  The victim fell to the ground.  The petitioner moved in front of the victim and tried to shoot him in the head.  The victim sustained one wound in each shoulder before the petitioner left the area.  During the incident, the street was well lit, and the victim saw the petitioner's face.  Elliston, 86 Conn. App. at 480–81.

When a patrol officer arrived on the scene, the victim was in critical condition and inarticulate.  The officer followed the victim to the hospital.  During a brief interview, the victim said he could identify the shooter, but did not provide a name.  On November 16, 2001, the victim told a detective that the shooter was a Jamaican man named "Dave," who lived in a certain area of Bridgeport.  About ten days later, the victim provided a physical description to the detective.  Id. at 481.

At some point, the detective showed the victim a single photograph of a man meeting the victim's description of the petitioner.  The victim said that the man in the picture was not the man who shot him.  On December 1, 2001, the detective showed the victim a picture of the petitioner.  The victim identified the petitioner as the shooter.  Although the detective possessed a photo array that included the picture of the petitioner at the time he showed the victim the single picture, he did not show the victim the photo array until December 12, 2001.  The victim immediately and positively identified the picture of the petitioner from the photo array.  The victim also stated that he worked with the victim and knew him as "Dave" from the workplace and as "Bartley" from the neighborhood and a local club.  Id. at 481–82.

    D.    Discussion

The petitioner challenges his conviction on the ground that the trial court

improperly denied his motion to suppress, thereby depriving him of due process. He argues that using a single photograph for identification was unnecessarily suggestive and that the resulting identification was unreliable.

Criminal defendants have a due process right to be free from identification procedures that are "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). See Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (noting that "reliability is the linchpin in determining the admissibility of identification testimony").

The court analyzes an allegedly unduly suggestive identification in two steps. First, the court considers whether the initial identification was obtained in a manner that "unduly and unnecessarily suggested that the defendant was the perpetrator." Second, even if the identification was unduly suggestive, the court considers whether the identification was independently reliable. Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001), cert. denied, Donnelly v. Raheem, 534 U.S. 1118 (2002). In assessing reliability, the court considers the following factors: (1) the witness' opportunity to view the suspect at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the perpetrator, (4) the level of certainty demonstrated by the witness, and (5) the length of time between the incident and the identification. Neil v. Biggers, 409 U.S. 188, 199–200 (1972). No one factor is dispositive on the issue of independent reliability. The determination is made based on the totality of the circumstances. See Raheem, 257 F.3d at 135. In making this assessment, the court is entitled to rely on the judgment of the jury regarding the credibility of the identification. See Brathwaite, 432 U.S. at 116.

In analyzing this claim, the Connecticut Appellate Court applied a state standard that mirrors the federal standard. Thus, the state decision is not contrary to Supreme Court law.

The Connecticut Appellate Court first considered the identification procedure and concluded that the use of a single photograph to identify the petitioner was unnecessarily suggestive. See Elliston, 86 Conn. App. at 484. However, upon balancing the applicable factors, the appellate court concluded that the identification was reliable. The victim testified that he could see the petitioner's face when he exited the vehicle and when he was standing in front of the victim. He identified the petitioner within twenty-four hours as a Jamaican man named Dave and knew where the petitioner lived. Ten days after the incident, the victim provided the petitioner's age and physical characteristics. The victim knew the petitioner from his workplace, the neighborhood, and a local club. In addition, the victim rejected the first photograph of a man with all of the physical characteristics, before positively identifying the photograph of the petitioner. Considering the totality of the circumstances, the appellate court concluded that the identification was reliable. See id. at 485–86.

This court concludes that the analysis and conclusions of the Connecticut Appellate Court are not an unreasonable application of clearly established Supreme Court law. Accordingly, the Amended Petition for writ of habeas corpus is denied.

III.     Conclusion

The Amended Petition for writ of habeas corpus [**Doc. No. 15**] and the petitioner's Motion to Amend [**Doc. No. 23**] are **DENIED**. Because the petitioner has

not shown that he was denied a constitutional right, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 7th day of January 2013, at New Haven, Connecticut.

        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge